IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TERRY FOSTER,

    Petitioner,

v.                                                CASE NO. 4:04-cv-237-MMP-AK

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Following inter-district transfer of this case from the Middle District of Florida, this matter is before the Court on Petitioner's petition for writ of habeas corpus and supporting memorandum. Doc. 1, Ex. 2 & 3. Petitioner has paid the filing fee and is represented by counsel. The Court ordered Respondent to file a response, and he has filed a motion to dismiss on the grounds that the petition is untimely. Doc. 6. Petitioner has not filed a reply, and thus, this matter is in a posture for decision. Having carefully considered the matter, the Court recommends that the motion to dismiss be granted, and this petition be denied as untimely.

## BACKGROUND

On February 26, 1998, Petitioner was convicted in the Circuit Court of Taylor County of one count of robbery while masked and a two counts of kidnapping. Doc. 8, Ex. A-1 at 71-72. He was sentenced on March 12, 1998, to twenty-five years incarceration. *Id.* at 78-86.

Petitioner appealed the convictions, which were affirmed on July 14, 1999. Doc. 8, Ex. A-2. Rehearing was denied on August 26, 1999. Doc. 8, Ex. A-5.

On October 4, 2000, Petitioner moved for post-conviction relief pursuant to Rule 3.850. Doc. 8, Ex. B-1 at 1-12. The motion was summarily denied, *id.* at 20, and Petitioner appealed to the court of appeal, which reversed on one ground but affirmed on all others. Doc. 8, Ex. B-2. On remand, the trial court conducted an evidentiary hearing, but it again denied post-conviction relief. Doc. 8, Ex. C-1 at 101-03. Petitioner appealed that ruling, which was affirmed. Doc. 8, Ex. C-2. The court of appeal denied rehearing on February 19, 2004, and issued its mandate on March 8, 2004. Doc. 8, Ex. C-5.

The instant petition was filed in the United States District Court for the Middle District of Florida on June 3, 2004. Doc. 1, Ex. 2. It was later transferred to this Court.

Respondent seeks dismissal of the petition on the ground that even giving Petitioner some leeway in the calculation, his petition was still filed over thirty days out of time. As previously noted, Petitioner did not respond to the motion to dismiss, but he apparently recognized that timeliness was an issue, noting in his petition:

> Petitioner is arguing the AEDPA clock is tolled for 90 days after the February 19, 2004, denial, the time for filing to the U.S. Supreme Court for certiorari, as held proper in *Abela v. Martin*, 348 F.3d 164 (6th Cir. 2003), which is now before the Supreme Court for review. Although the Eleventh Circuit holds otherwise, the Rule of Lenity...entitles Petitioner to tolling and thus his Petition is timely.

Doc. 1, Ex. 2 at 6.

**DISCUSSION**

For purposes of this proceeding, Respondent is willing to assume that the one-year time period for filing the instant petition did not commence until November 25, 1999, or ninety days from the date the state court denied rehearing on Petitioner's direct appeal. The Court will operate with that assumption in mind, as well, as it gives Petitioner the greatest benefit of time. Thus, between November 25, 1999, and October 4, 2000, when Petitioner filed his motion for post-conviction relief, three hundred fifteen days had expired. The statute of limitations stopped running between October 4, 2000, and March 8, 2004, when the mandate issued on Petitioner's appeal of the denial of post-conviction relief. The date for determining the conclusion of state court post-conviction proceedings does not include a ninety-day window for filing a petition for a writ of certiorari in the United States Supreme Court. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166 (2001). Petitioner's suggestion that *Abela*, in which the Sixth Circuit held that the ninety-day period for seeking certiorari applies not only following direct appeal but also after post-conviction proceedings, should govern this Court's decision is without merit. The Eleventh Circuit has clearly taken a contrary position, and as Respondent points out, the United States Supreme denied further review in *Abela*. *See Caruso v.Abela*, ____ U.S. ____, 124 S.Ct. 2388, 158 L.Ed. 2d 976 (2004). This Court applies the law of this circuit as it stands; it does not create new law.

Thus, beginning March 9, 2004, Petitioner had only fifty days left to file the instant petition. As noted, the petition was not filed until June 3, 2004, almost forty days out of time.

The time for filing a § 2254 petition may be equitably tolled, but only if a petitioner can show "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000). Petitioner has not attempted to meet this standard, and the Court can glean nothing from the record which would support equitable tolling.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, Doc. 6, be **GRANTED**, and that this cause be **DISMISSED WITH PREJUDICE.**

**IN CHAMBERS** at Gainesville, Florida, this **25th** day of March, 2005.

        s/ A. KORNBLUM
        ALLAN KORNBLUM
        UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**